[No. 18332.   Department One.   March 6, 1924.]

JOHN A. SOULE, *as Receiver of United States Food Products Company, Appellant,* v. HARRY ENGLISH *et al., Respondents.*[1]

CORPORATIONS (111)—STOCK SUBSCRIPTIONS—ACTIONS—EVIDENCE— SUFFICIENCY. Liability on a stock subscription cannot be denied where, after a hearing in the receivership of an insolvent corporation, it is found that defendant was the holder of one hundred shares of stock and had paid no part of the stock subscription, for which an assessment was decreed and ordered paid within twenty days.

Appeal from a judgment of the superior court for King county, Truax, J., entered April 17, 1923, upon findings in favor of the defendants, in an action to enforce a stockholder's liability, tried to the court. Reversed.

*Warren H. Lewis* and *John A. Soule,* for appellant.

[1]Reported in 223 Pac. 1038.

MACKINTOSH, J.—The United States Food Products Company became insolvent and the appellant was appointed receiver. After he had collected all of the available assets, he petitioned to have the stockholders' liabilities established. Notice of the hearing of this petition was served upon the respondent. A hearing was had at which the respondent appeared and denied that he had been a subscriber for the corporate stock of the food company to a greater extent than one share. Testimony was taken which established that he was a stockholder to the extent of one hundred shares. Findings were made in that action that respondent had subscribed for and agreed to purchase one hundred shares of the common stock of the corporation and received a certificate for that amount and retained it in his possession, and no part of the subscription had ever been paid and that he was liable for the par value of the stock, and the court decreed an assessment in that amount against the respondent and that it should be paid within twenty days. No appeal was taken from this decree and no payment was made by the respondent in conformity with it. This action was then brought to recover the assessment.

With unusual confidence in the desire of this court to discover the facts, and in its ability thereafter to apply the law thereto, the respondent has filed no brief and made no argument in this court. The facts are easily ascertainable, for the statement contains three pages. These, with the additional exhibits, seem to conclusively prove that the respondent subscribed and was liable for the stock. The law applicable to this seems equally plain, and having found the facts against the respondent, our unguided ability falls short of ingenuity sufficient to devise a theory upon which the respondent could argue his non-liability.

We see nothing to do but to reverse the trial court and order judgment for the amount sued for.

MAIN, C. J., HOLCOMB, TOLMAN, and PARKER, JJ., concur.